# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **TIMOTHY A. FONSECA,** | § | |
| *Plaintiff,* | § | |
| | § | **No. 3:20-CV-180-FM-RFC** |
| **v.** | § | |
| | § | |
| **UNIVERSITY MEDICAL CENTER, et al.,** | § | |
| *Defendants.* | § | |

## ORDER

On this day, the Court considered the above-captioned cause. The case was referred to this Court by United States District Judge Frank Montalvo to conduct all preliminary proceedings not inconsistent with 28 U.S.C. § 636(b) and Appendix C of the Local Rules of this District. For the reasons that follow, the Court orders that Plaintiff Timothy A. Fonseca's Application to proceed *in forma pauperis* be **GRANTED**.

### I.    IFP Motion

On June 26, 2020, Plaintiff filed an "Application to Proceed *In Forma Pauperis*." (ECF No. 1.) Title 28 U.S.C. § 1915 permits any court to allow a plaintiff to commence an action without the prepayment of fees if the plaintiff is unable to pay the required fees. 28 U.S.C. § 1915(a)(1). Further, prisoners[1] are required to submit a certified copy of their inmate trust account and must pay the required fees over time. 28 U.S.C. §§ 1915(a)(2), (b).

Plaintiff's inmate trust account information indicates that he received an average of $89.99 in deposits per month in the six months preceding the filing of his motion and had an average monthly account balance of $3.21 over the same period. (ECF No. 1-1:27-30.) Pursuant to the calculation established by 28 U.S.C. § 1915(b), the Court will grant Plaintiff's IFP motion and

---

[1] As used in 28 U.S.C. § 1915, the term "prisoner" includes any person who is incarcerated or detained in any facility "who is accused of, convicted of, [or] sentenced for . . . violations of criminal law." 28 U.S.C. § 1915(h).

assess an initial filing fee of $18.00, or 20 percent of Plaintiff's average monthly deposits, to the nearest cent, over the six-month period preceding the filing of his motion.

## II.    COUNSEL MOTION

Next, Plaintiff seeks appointment of counsel.  (ECF No. 1:4.)  Title 28 U.S.C. § 1915 governs proceedings *informa pauperis* and authorizes appointment of an attorney to represent any person unable to afford counsel.  28 U.S.C. § 1915(e)(l).  However, there is no automatic right to the appointment of counsel in a civil rights case, even for indigent plaintiffs.  *Wright v. Dallas Cty. Sheriff Dep't,* 660 F.2d 623, 625 (5th Cir. 1981) (per curiam).  Rather, "[a] trial court is not required to appoint counsel for an indigent plaintiff asserting an action under 42 U .S.C. § 1983 unless the case presents exceptional circumstances."  *Branch v. Cole,* 686 F.2d 264, 265 (5th Cir. 1982) (per curiam).  To determine whether "exceptional circumstances" exist, the Court considers various factors, including:

1) the type and complexity of the case;
2) the [plaintiff's] ability adequately to present and investigate his case;
3) the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and
4) the likelihood that appointment will benefit the [plaintiff], the court, and the defendants by shortening the trial and assisting in just determination.

*Parker v. Carpenter,* 978 F.2d 190, 193 (5th Cir. 1992) (citations omitted) (internal quotation marks omitted).

Utilizing these factors, the Court is of the opinion that Plaintiff's request for appointment of counsel should be denied.  Plaintiff's complaint and amended complaint do not raise novel points of law that would indicate the presence of exceptional circumstances.  Moreover, Plaintiff was able to commence this action and articulate his claims and allegations, demonstrating that he is competent to investigate and present his own case.  Lastly, at this early stage of the proceedings, it is unclear what the evidence will present, and it does not appear that appointment of counsel is

2

necessary for either judicial economy or the fair administration of justice.  Accordingly, the Court finds that Plaintiff's request for appointment of counsel should be denied.

### III.    CONCLUSION

Based on the foregoing, it is **HEREBY ORDERED** that Plaintiff's "Application to Proceed *In Forma Pauperis*" (ECF No. 1) is **GRANTED** and the Court accordingly orders that:

- The District Clerk **SHALL FILE** Plaintiff's civil Complaint (ECF No. 1-1).  The Court will assess an initial partial filing fee of $18;

- The Court **FURTHER DIRECTS** Plaintiff to pay the remaining balance of the fees in periodic installments.  Plaintiff shall make payments of twenty percent (20%) of the preceding month's income credited to his account, provided the account exceeds $10.00, until he has paid the total fees of $350.00.  The agency having custody of Plaintiff shall collect this amount from Plaintiff's account, when funds are available and when permitted by 28 U.S.C. § 1915(b)(2), and forward it to the Clerk of the District Court;

- The Court **ALSO DIRECTS** the Clerk of the District Court to send via certified mail a copy of this order to the accounting office or other person(s) or entity with responsibility for collecting and remitting to the District Court interim filing payments on behalf of prisoners, as designated by the facility in which Plaintiff is currently or subsequently confined.  Plaintiff is currently in the custody of the El Paso County Sherriff's Office;

- The Court **FURTHER ORDERS** that service of process shall not issue until the Court determines whether Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915A.  Prior to ordering service of process on Defendants, the Court

will engage in judicial screening of Plaintiff's Complaint pursuant to 28 U.S.C. §

1915.

**SO ORDERED.**

**SIGNED** this 10th day of August, 2020.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE