## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **TIMOTHY A. FONSECA,** § | | |
| *Plaintiff,* § | | |
| § | No. 3:20-CV-180-FM-RFC | |
| v. § | | |
| § | | |
| **UNIVERSITY MEDICAL CENTER, et al.,** § | | |
| *Defendants.* § | | |

### ORDER DENYING MOTION FOR EXTENSION OF TIME

### AND REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action on claims of deliberate indifference to his serious medical needs and state law claims of medical malpractice. (ECF No. 1, 2.) The case was referred to this Court by United States District Judge Frank Montalvo to conduct all preliminary proceedings not inconsistent with 28 U.S.C. § 636(b) and Appendix C of the Local Rules of this District. On December 22, 2020, Plaintiff filed a motion for extension of time to respond to Defendant El Paso County Sheriff Richard Wiles' motion for leave to file a special report. (ECF No. 23; referring to ECF No. 14.) Plaintiff also included a request for appointment of counsel. (ECF No. 23:1.) This is Plaintiff's third request for appointment of counsel. (*See* ECF No. 1:4; ECF No. 10.)

**I.     Motion for Extension of Time**

On August 20, 2020, this Court ordered Defendant Wiles to prepare and lodge a special report for the Court's use in screening Plaintiff's complaint pursuant to 28 U.S.C. § 1915. (ECF No. 5.) On December 4, 2020, Defendant Wiles filed a motion to file its special report under seal. (ECF No. 14.) This Court granted Defendant Wiles' motion the same day, and the report was duly filed. (ECF Nos. 15, 16.)

As Plaintiff seeks an extension of time to file a response to a motion that has already been granted, the Court finds that Plaintiff's motion for extension of time is moot.  Therefore, the Court denies Plaintiff's motion for extension of time.

## II.     Motion for Appointment of Counsel

Plaintiff also lodges a third request for appointment of counsel.  (ECF No. 23.)  Title 28 U.S.C. § 1915 governs proceedings *in forma pauperis* and authorizes appointment of an attorney to represent any person unable to afford counsel.  28 U.S.C. § 1915(e)(l).  However, there is no automatic right to the appointment of counsel in a civil rights case, even for indigent plaintiffs.  *Wright v. Dallas Cty. Sheriff Dep't,* 660 F.2d 623, 625 (5th Cir. 1981) (per curiam).  Rather, "[a] trial court is not required to appoint counsel for an indigent plaintiff asserting an action under 42 U.S.C. § 1983 unless the case presents exceptional circumstances."  *Branch v. Cole,* 686 F.2d 264, 265 (5th Cir. 1982) (per curiam).  To determine whether "exceptional circumstances" exist, the Court considers various factors, including:

1) the type and complexity of the case;
2) the [plaintiff's] ability adequately to present and investigate his case;
3) the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and
4) the likelihood that appointment will benefit the [plaintiff], the court, and the defendants by shortening the trial and assisting in just determination.

*Parker v. Carpenter,* 978 F.2d 190, 193 (5th Cir. 1992) (citations omitted) (internal quotation marks omitted).

The Court is of the opinion that Plaintiff's request for appointment of counsel should be denied at this phase of proceedings.  The case does not present novel or complex issues of law, and Plaintiff has ably represented himself thus far.  Moreover, neither Plaintiff nor the Court is likely to benefit from appointment of counsel at this stage, as this Court's Report and

Recommendation is currently pending review. (ECF No. 18.) Accordingly, the Court finds that Plaintiff's request for appointment of counsel should be denied.

As an aside, the Court notes that Plaintiff's Motion refers to Defendant Wiles' "request for summary judgement [sic]." (ECF No. 23:4.) This appears to be in reference to Defendant Wiles' proposed order attached to the motion for leave to file the special report, which referred to the motion as "Defendants' Motion for Leave to File Sealed Exhibits in Their Motion for Summary Judgment [sic]." (ECF No. 14-2.) However, as Defendant Wiles' motion for leave to file the special report was not styled as a motion for summary judgment, included no briefing to that effect, and indeed includes no other references to summary judgment, the Court finds that the Defendant Wiles' mention of summary judgment was an error. Accordingly, the Court finds that no motion for summary judgment is currently pending in this case.

## CONCLUSION

Based on the foregoing, it is **HEREBY ORDERED** that Plaintiff's "Motion for Extension of Time" (ECF No. 23) and request for appointment of counsel (ECF No. 23:1) are **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 30th day of December, 2020.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE